Spear, J.
It will be noted that one .question is common to both cases : Is the city liable for attorney’s fees incurred in prosecuting the action against owners whose lands were claimed to have been benefited by the respective improvements, but which were found not liable to assessment? Probably there is no difference in principle between, counsel fees and other expenses.
The affirmative of this proposition is based upon the further proposition that in a suit for breach of an agreement in a written contract by which a claim or chose in action is assigned, the party damaged may recover the costs and expenses of previous unsuccessful litigation necessarily resulting from such breach, including counsel fees, and especially so, where there has been a guarantee of title and the title fails, or of validity and the claim assigned proves invalid.
Decisions of courts in other states, support this claim. But they are not uniform, and the question after all, is, what is the law of this state on the subject. Decisions of this court determine the *111 matter as to cases bearing more or less analogy to the cases at bar, but the precise question has not heretofore been presented..
The rule that in actions involving malice, fraud, insult or oppression, reasonable counsel fees may be included in the recovery, is well established. Stevens v. Handly, Wright, 121; Sexton v. Todd, Ib., 316; Roberts v. Mason, 10 Ohio St., 277; Finney v. Smith, 31 Ohio St., 529; Stevenson v. Morris, 37 Ohio St., 10; and Peckham Iron Co. v. Harper, 41 Ohio St., 100, are cases of this character.
So where land is conveyed with covenants of warranty and for quiet enjoyment, and a breach follows' and the covenantee is evicted by reason of a paramount title, and in such suit has vouched in the covenantor to defend the title, his damages for the breach may include an allowance for counsel fees. McAlpin v. Woodruff, 11 Ohio St., 120, and Lane v. Fury, 31 Ohio St., 574, are cases illustrative of this rule.
Other cases are to the effect that in actions on attachment, or injunction, or replevin bonds, where, in previous suit, the attachment has been discharged, orthe.injunction dissolved, or recovery had against the officer for wrongful seizure, counsel fees in such actions may be allowed in suits upon the bonds. Noble v. Arnold, 23 Ohio St., 264; Alexander v. Jacoby, Ib., 358, and Finckh v. Evers, 25 Ohio St., 82, are cases of this character.
The foregoing’ cases show the extent to which counsel fees have been allowed as part of the recovery of damages by decisions of this Court. One case in the Superior Court of Cincinnati, Kirchner v The City, 14 W. L. B., 48,. holds that damages for failure to give to the contractor a legal assessment for the construction of a sewer, may include costs *112 and counsel fees in an unsuccessful suit by the contractor to recover against the land owner. This holding was predicated on the cases heretofore cited in the 11 Ohio St., and 31 Ohio St., involving damages for breach of covenants in deeds.
No other reported case in this state, so far as our search has extended, goes to this length. One case distinctly holding against such recovery, is that of Cincinnati v. Steadman, a circuit court case reported in 8 O. C. C., at page 407, by Smith, J. The case was brought to this court, but upon questions other than the one above stated, and the inquiry here did not involve the question of counsel fees.
It will be noted, that in the cases upon tort where counsel fees have been considered, although treated as part of plaintiff’s compensation, they relate to such probable expense of this character as would be incurred in the case on trial, and which would be present in the mind of the jury, but that no proof was allowed as to their extent or value. This principally or partly because, if proof were given it would introduce a new issue, and would result in an unseemly controversy. Among the varying grounds stated by different judges for allowing counsel fees in such cases as part of the plaintiff’s compensation, perhaps the most reasonable one is that, inasmuch as the law furnishes no exact measure, and since such matter of damage can in practice hardly be excluded from the jury, they should be allowed to be taken into consideration under proper instructions. But, as they are matter of actual expense, they cannot reasonably be allowed under the head of exemplary damages, and so, necessarily, should be included as part of compensation. In the cases upon un *113 dertakings or bonds, where counsel fees actually incurred in preceding litigation were allowed, the decisions are based on the provisions of the bonds themselves, as where the obligation is “to pay all damages he may sustain,” etc., or “to save harmless and pay all damages he may sustain,” etc, or the like. The recovery of counsel fees and other expenses incurred in defending title to land which had been warranted, is based on diverse grounds, one being that such expenses should be considered as a portion of the money paid for the title, that is a portion of the purchase money; another, and one which seems more reasonable and satisfactory, is, that the solemnity which should surround the transfer of real estate and the necessity of maintaining - stability of titles require the rule.
It may be that the rationale of the decisions affecting titles to real estate, applied to contracts affecting the title to personalty, and chosesin action, might warrant a similar rule. But it is believed that the policy of this state has been, and the understanding generally, among bench and bar, is, that such damages are not recoverable for the breach of simple contracts, not involving tort, even though there has been an express agreement as to the validity of the thing in controversy. Transactions in the business world have been conducted upon this understanding, and it would seem that if the rule of damages is to be enlarged it should be done by the law-making power, and thus be made to apply to future, and not to past, transactions. An enlargement of the rule would, also, tend to uncertainty. As observed by the learned judge of the circuit court who reported the case of Cincinnati *114 v. Steadman, supra: ‘ ‘ If counsel fees are to be allowed as part of the damages in a case of this kind, where there has been no contract between the parties which provides therefor, we would not know where to draw the line, or say in what cases they should not be allowed, where a party had been involved in litigation, as a result of the breach by the other party of a contract between them.”
•And there is an additional reason for refusal to enlarge the rule in these cases, growing out of the peculiar situation of the parties. The defendant is a municipal corporation. In the case involving the sewer assessments, the city was acting as the agent, not of the people of the entire municipality so much as that portion of them who were to be benefited by the improvement. If, in this respect, a. different situation is presented in the other case, as to the sidewalk, it is not of such a character as to call for the application of a different rule. In all such.cases strictness should be observed by courts, and the municipality visited with liability only where the right to recover is made clear. See opinion in McCloud v. Columbus, 54 Ohio St., 439.
We think there was no error in the refusal of the courts below in these cases to allow a recovery for costs and other expenses, and counsel fees, incurred in the suits against the lot owners.

Judgments affirmed.